MICHAEL J. MESSINA (SB# 92415)
**WOODS & MESSINA**
550 West "C" Street, Suite 1670
San Diego, CA 92101
Tel. (619) 232-1914
Fax (619) 237-8898

Attorney for Defendant
BENJAMIN MANUEL CUNNINGHAM

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. BARRY T. MOSKOWITZ)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.:   08CR0286-BTM |
| Plaintiff, | ) ) | MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS |
| vs. | ) ) | |
| BENJAMIN MANUEL CUNNINGHAM (4) , | ) ) | |
| Defendant. | ) ) | |

**I.**

**STATEMENT OF THE CASE**

On or about January 5, 2008, the Grand Jury returned an indictment against BENJAMIN MANUEL CUNNINGHAM in Count 5 and Count 6, alleging that he violated Title 18, United States Code, §922(g)(1) and §924(a)(2), possessing a firearm that traveled in and affecting commerce, that is a Kel-tec, model P-11, 9mm, pistol, serial number A9Y79 and violating Title 18, United States Code, §2232(a), that in order to prevent the seizure of said hand

gun, he did aid and abet or did destroy, stave, break, remove or throw overboard said firearm by hiding the firearm in a quasi remote area, that is, under a shrub in the backyard.

To date some discovery has been provided to defense counsel.

## II.

## STATEMENT OF FACTS

On January 7, 2008, ATF San Diego special agents (SA) conducted a surveillance of OMAR JINESTA at his residence, located at 3643 Corral Canyon Road, Bonita, California. At approximately 10:30 a.m., OMAR JINESTA left the residence in a car driven by ROBERT MENDOZA. At approximately 10:40 a.m., ATF agents attempted to conduct a vehicle stop of MENDOZA and OMAR JINESTA in National City, California. MENDOZA failed to yield to law enforcement officers and fled with OMAR JINESTA, entering Interstate 5 southbound towards Mexico. At that time, ATF agents in pursuit of MENDOZA's vehicle contacted Customs and Border Protection (CBP) personnel at the San Ysidro Port of Entry, San Ysidro, California. Upon receiving ATF's warning, CBP Inspectors unsuccessfully attempted to interdict MENDOZA and OMAR JINESTA as they fled into Mexico. MENDOZA and OMAR JINESTA were subsequently arrested and detained by Mexican Customs personnel. At approximately 12:55 p.m., ATF agents took over custody of MENDOZA and OMAR JINESTA (from Mexican Authorities). OMAR JINESTA was placed under arrest for being a felon in possession of a firearm.

Simultaneous to the pursuit of JINESTA, ATF Agents PENATE and GEERDES were located outside the aforementioned JINESTA residence. While the mobile surveillance team was in pursuit of OMAR JINESTA, agents at the residence observed a Hispanic male, later identified as BENJAMIN CUNNINGHAM, come outside the house with a black plastic bag.

Agents saw CUNNINGHAM throw the bag over the back fence. CUNNINGHAM then walked around the fence to the area on a public sidewalk where he had thrown it and retrieved it. CUNNINGHAM looked around as if to see if anyone was watching him. CUNNINGHAM then took the bag behind the property and hid it in a quasi-remote wooded area several residences away. Agents then approached CUNNINGHAM and asked him about the bag. CUNNINGHAM said he had received the bag from JENNIFER JINESTA, who after receiving a phone call, told CUNNINGHAM to take the aforementioned items outside of the house and hide them. Inside the bag, agents discovered approximately one pound of suspected marijuana, two ounces of suspected cocaine, and a 9MM Kel-Tec handgun, serial number A9779, and assorted ammunition.

Meanwhile, after MENDOZA and OMAR JINESTA were returned by Mexican authorities, Agents WAKELIN and MOHLER interviewed MENDOZA. MENDOZA stated that while OMAR JINESTA and he were being pursued, OMAR called his wife JENNIFER. In a post-arrest statement, after being informed of and waiving his Miranda rights, OMAR JINESTA admitted that he called his wife while fleeing to Mexico with MENDOZA. OMAR JINESTA said that he instructed his wife to get rid of the gun, ammunition, and the drugs that were at the house, because he thought police were trying to arrest him.

On this same date, after being advised of her Miranda Rights, JENNIFER JINESTA told agents that, while at the house that morning, she received a call from OMAR JINESTA (her husband), telling her that he was being followed by the police. JENNIFER JINESTA admitted that during the aforementioned telephone call, OMAR instructed her to tell BEN (CUNNINGHAM) to remove the gun and ammunition from their bedroom, and the bag (containing drugs) from the garage, and take them out of the house. JENNIFER JINESTA stated

she then collected the gun from her and OMAR JINESTA's bedroom drawer and the ammunition from their bedroom safe and gave them to BEN CUNNINGHAM. JENNIFER JINESTA said she then told BEN that OMAR wanted him to get the gun and drugs out of the house. JENNIFER admitted that she knew cocaine and marijuana were in the bag in the garage. JENNIFER JINESTA also admitted that she knew that her husband had been living under the alias RUBEN A. GONZALEZ for the past two years because he was a convicted felon, had previously been deported to Mexico and he was no longer allowed to legally be in the United States.

On January 7, 2008, a query of NCIC revealed that on November 25, 2003, in the Southern District of California, OMAR JINESTA was convicted of the felony offenses of Title 21, United States Code, Sections 952 and 960, Importation of Marijuana, and Title 18, United States Code, Section 2, Aiding and Abetting.

On January 7, 2008, Special Agent HARRY PENATE, an Interstate Nexus Expert, examined the aforementioned firearm and stated that it has traveled in or affected interstate commerce.

### III.

### MOTION TO COMPEL DISCOVERY

**A.     Defendant is entitled to Discovery of Defendant's Statements**

Pursuant to Rule 16(a)(1)(A), <u>Brady v. Maryland</u>, 373 U.S. 83(1963), and the Fifth and Sixth Amendments to the United States Constitution, Defendant requests the disclosure of all statements, written, oral, and recorded, made by defendant which are in the possession, custody, or control of the government or which by the exercise of due diligence may become known to the Government, regardless of to whom the statements were made.

This includes all rough notes of government agents, which include statements of Defendant.

A defendant has a right to inspect these requested statements. This has been extended to permit discovery of written summaries of the defendant's oral statements contained in handwritten notes of government agents. United States v. Johnson, 525 F. 2d 999(2d Cir. 1975); United States v. Bailleaux, 685 F. 2d 1105 (9th Cir. 1982).

**B.  Defendant is entitled to Disclosure of any Prior Similar Convictions or Prior Similar Acts**

Federal Rule of Criminal Procedure 16(a)(1)(B) provides that, upon request of the defendant, the Government shall furnish to the defendant a copy of defendant's prior criminal record, if any, as is within the possession, custody, or control of the government. Defendant makes this request.

The Defendant also requests that the Government provide discovery of any prior similar acts, which the Government will intend to introduce into evidence pursuant to Federal Rule of Evidence 404(b). The Defendant must have access to this information in order to make appropriate motions to exclude the use of such evidence at trial. See United States v. Cook, 609 F. 2d 1174 (9th Cir. 1985).

**C.  Defendant is entitled to examine any Documents, tangible Items, and the like which are in the Possession, Custody, or Control of the Government**

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(c) and Brady v. Maryland, 373 U.S. 83 (1963), the Defendant requests the opportunity to inspect and copy all books, papers, documents, photographs, and tangible items which are in the possession, custody, or control of the Government and which are material to the preparation of the defense intended for use by the Government as evidence in the case in chief. The Defendant further makes these requests

pursuant to Brady v. Maryland on the ground that this evidence may provide exculpatory information that is beneficial to the Defendant in the defense against the charges in the indictment.

The request includes, but is not limited to the following:  All search warrants and their accompanying affidavits, as well as the opportunity to inspect the results of all searches conducted by law enforcement officers pursuant to warrants and/or otherwise (this request includes the searches of all residences, businesses, automobiles, and other locations regarding the case); all tape-recorded conversations, closed circuit television surveillance of suspects, telephone toll analysis, bank records and financial documents involving the case.   This request also includes the results of all follow-up investigations regarding the above-requested evidence. These requests are made pursuant to Federal Rule of Criminal Procedure 16 and Brady v. Maryland, 373 U.S. 83 (1963).

**D.    Due Process Exculpatory Information**

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and the Fifth and Sixth Amendments to the United States Constitution, Defendant requests disclosure of all information of whatever form, source, or nature which tends to exculpate Defendant by indicating innocence, contradicting the Government's theory of the case, and impeaching the credibility of potential government witnesses.  This request specifically includes all co-conspirator statements, indicted and unindicted, all third party witness statements interviewed by government agents and/or of which the Government has custody, dominion or control.  This request includes all recorded conversations, electronic, mechanical, stenographic, or otherwise, of all co-conspirators, indicted and unindicted, all defendants, and all potential witnesses whose statements are relevant to the subject matter charged in the indictment and are

in the possession, custody, or control of the government. It also includes such statements within the meaning of 18 U.S.C. Section 3504.

Defendant requests the Government to provide all statements made by all potential witnesses. The term "statements" as used in this request include tape-recorded conversations, rough notes, correspondence, memoranda, or reports prepared directly by such persons and/or by any government agents (of any government entity) or attorneys. It includes all Grand Jury testimony, as sell as previous in-court and trial testimony. It includes all government debriefings of all potential witnesses. If such statements were given orally to any government agent. Defendant requests that they be committed to writing and produced forthwith.

In addition, Defendant requests access to prior testimony of all government witnesses. Two statutory provisions and one major constitutional provision must be considered in resolving any questions involving compelled disclosure of government witness statements. First, the Jencks Act, 18 U.S.C. Section 3500, regulates disclosure of witness statements, as defined by the Act, and prohibits any order requiring production prior to the completion of direct examination of the witness. Second, Federal Rule of Criminal Procedure 16(a)(2) excludes from the operation of the general discovery provisions of Rule 16 those reports, memoranda, and internal government documents generated during the course of an investigation into the case, except as provided in the Jencks Act. The Rule does not prohibit the disclosure of such items, but states, merely, that it does not authorize them. Third, an overriding principle requires the government to disclose all exculpatory material in its possession. See Brady v. Maryland, 373 U.S. 83 (1963). Defendant makes this request under all three provisions.

As part of this request, Defendant also requests the name, address and telephone number of each person the Government intends to call as a witness at trial. Additionally, Defendant

requests the name, address and telephone number of each person who was present during or had material information regarding, any act or transaction charged in the indictment, whether or not the Government intends to call such a person as a witness at the trial.  The request includes a list of all witnesses appearing before the Grand Jury in connection with this case.  Advance disclosure of witnesses is essential if Defendant's Sixth Amendment right to effective assistance of counsel is to have any real meaning.  This request is properly before the Court.  See United States v. Cadet, 727 F. 2d 1453, 1469 (9th Cir. 1984); Wilson v. Rose, 366 F. 2d 611 (9th Cir. 1966).

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); Davis v. Alaska, 415 U.S. 308 (1974), Defendant makes the following request for:

1) All impeaching evidence such as prior records, prior inconsistent statements, evidence for bias, interest, or motive, and prior uncharged bad acts of all the potential witnesses in this case;

2) All formal or informal promises to reward a witness, such as promises of probation, promises of monetary gain, payment of living or medical expenses, payment for transportation or promises of witness protection;

3) All information relating to alcohol or drug abuse treatment of all potential witnesses, and all information relating to drug uses of each potential witness;

4) All information relating to the use of aliases or fictitious names by each potential government witness;

5) All information relating to prior acts of all potential witnesses which are probative of their character for untruthfulness within the meaning of Federal Rule of Evidence 608(b); and,

    6)      All information relating to contradictory statements made by all potential government witnesses or agents or representative of any law enforcement entity or other persons.

### E. Request for Expert Witness Information

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), Defendant requests to inspect and copy or photograph any results of reports of physical or mental examinations and of scientific tests or experiments which are within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government, and which reports are material to the preparation of the defense or intended for use by the Government as evidence in their case in chief at trial.

In regards to the expert information, Defendant requests all rough notes, memoranda, correspondence and reports setting forth the results, whether positive or negative, of all expert analysis regarding fingerprints or any of the seized evidence, scientific analysis of any of the recorded conversations and/or closed circuit television surveillance. In regards to this latter request, Defendant requests the opportunity to perform independent scientific analysis on all recorded conversations and all closed circuit television surveillance conducted in this case.

### F. Defendant is entitled to Disclosure of the Evidence the Government intends to use against Defendant at Trial

Pursuant to Federal Rule of Criminal Procedure 12(d), Defendant requests that this Court order the Government to disclose the evidence it intends to use against Defendant at trial. This request includes any evidence which Defendant may be entitled to under Federal Rule of Criminal Procedure 16, subject to any relevant limitation prescribed by that rule.

**IV.**

**PRESERVE ROUGH NOTES**

Defendant hereby moves this Court to order:

1) Preservation and production of rough notes of government witness interviews and the interrogatories of Defendant; and,

2) Sanctions for destruction of any of the rough notes including the exclusion of any witness' testimony as to which the rough notes have been destroyed.

The grounds for this motion are that rough interview notes must be preserved and disclosed to the defense under the Federal Rule of Criminal Procedure, Rule 16 and 18 U.S.C. Section 3500.

**V.**

**MISCELLANEOUS ADDITIONAL DISCOVERY REQUESTS**

A. All government forms, notes, memoranda signed by Defendant in connection with, or as a result of the arrest herein.

B. Copies of all sound or video tape recordings taken of Defendant and any material witnesses during the course of investigation and arrest herein, and any and all existing transcripts thereof.

/////

/////

/////

/////

/////

## VI.

## LEAVE TO FILE FURTHER MOTIONS

Accordingly, defendant, BENJAMIN MANUEL CUNNINGHAM would ask for leave to file further motions should such motions be warranted.

Respectfully submitted,

Dated:  February 25, 2008            S/   MICHAEL J. MESSINA
                                     MICHAEL J. MESSINA
                                     Attorney for Defendant
                                     BENJAMIN MANUEL CUNNINGHAM